UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE W. WILSON,

    Plaintiff,

v.       CAUSE NO. 3:22-CV-389-DRL-MGG

KERRY WALKER *et al.*,

    Defendants.

OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Wilson alleges that, on May 24, 2021, he was taken to the medical services unit for what he believed would be a chronic care visit. He was taken to the nurse's station. Nurse Kerry Walker began asking him questions. She asked his name, the day of the week, the month, and other similar questions. Mr. Wilson answered all her questions clearly and correctly. When she was done asking her questions, Nurse Walker told Correctional Officer Rooben Kubsch to hold Mr. Wilson down in his wheelchair while she administered Narcan. Mr. Wilson told Nurse Walker and Officer Kubsch that he was

not under the influence of drugs or alcohol, and he did not want or need Narcan. Officer Kubsch placed Mr. Wilson in a headlock. Mr. Wilson began resisting, and Nurse Walker asked two additional correctional officers to assist in holding Mr. Wilson down so the Narcan could be administered. Mr. Wilson seeks compensatory damages, punitive damages, and an injunction "against further retaliation against the plaintiff and from transferring him to a different prison." ECF 1 at 4.

Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.* at 343; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment[.]" *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)). The facts may ultimately show that Mr. Wilson's behavior was indicative of an opioid overdose, in which case Nurse Walker and Officer Kubsch may have acted

2

reasonably to provide life-saving treatment. However, at the pleading stage, the court must credit Mr. Wilson's statement that he was not under the influence of opioids and clearly communicated his desire to refuse Narcan to Nurse Walker and Officer Kubsch. Therefore, he will be permitted to proceed on a Fourteenth Amendment claim against Nurse Walker and Officer Kubsch for administering Narcan against his will on May 24, 2021.

Mr. Wilson has also sued the two correctional officers that assisted in holding him down: John Doe #1 and John Doe #2. The case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Finally, Mr. Wilson requested injunctive relief. He requests an injunction against further retaliation, but his complaint does not allege retaliation and he is not proceeding on a retaliation claim. Therefore, an injunction against further retaliation is not warranted.

Mr. Wilson also asks for an injunction preventing the defendants from transferring him to a different prison. He does not allege that either Nurse Walker or Officer Kubsch have any control over decisions to transfer an inmate. Furthermore, "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but

where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. Therefore, an order directing that Mr. Wilson may not be transferred is not warranted.

For these reasons, the court:

(1) GRANTS George W. Wilson leave to proceed against Nurse Kerry Walker and Correctional Officer Rooben Kubsch in their individual capacities for compensatory and punitive damages for administering Narcan to Mr. Wilson against his will on May 24, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES John Doe #1 and John Doe #2;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Rooben Kubsch at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Kerry Walker at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Kerry Walker and Correctional Officer Rooben Kubsch to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 23, 2022

*s/ Damon R. Leichty*
Judge, United States District Court