UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE W. WILSON,

    Plaintiff,

    v.                                                                    CAUSE NO. 3:22-CV-389-DRL-MGG

KERRY WALKER *et al.*,

    Defendants.

## OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, is proceeding in this case "against Nurse Kerry Walker and Correctional Officer Rooben Kubsch in their individual capacities for compensatory and punitive damages for administering Narcan to Mr. Wilson against his will on May 24, 2021, in violation of the Fourteenth Amendment [.]" ECF 4 at 4. Officer Kubsch filed a motion for summary judgment, arguing Mr. Wilson didn't exhaust his administrative remedies before filing this lawsuit. ECF 36.[1] Mr. Wilson filed a response, and the defendants filed a reply. ECF 54, 55. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

---

[1] Nurse Walker withdrew the affirmative defense of failure to exhaust administrative remedies. ECF 30.

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a

matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Kubsch argues Mr. Wilson didn't exhaust his administrative remedies before filing this lawsuit because he didn't appeal the grievance office's denial of his grievance. ECF 37 at 4-5. Specifically, Officer Kubsch provides evidence showing that, on May 24, 2021, Mr. Wilson submitted Grievance 128645, complaining the defendants had unnecessarily applied Narcan. ECF 36-1 at 5-6; ECF 36-3. On June 14, 2021, the grievance office accepted Grievance 128645, and its response was due on June 18, 2021. ECF 36-1 at 6; ECF 36-4. On August 31, 2021, the grievance office issued a response denying Grievance 128645, concluding the defendants had appropriately complied with facility policies concerning the administration of Narcan. ECF 36-1 at 6; ECF 36-5. Mr. Wilson never appealed the grievance office's denial of Grievance 128645. ECF 36-1 at 6.

In his response, Mr. Wilson concedes he didn't appeal the grievance office's denial of Grievance 128645. Instead, he argues his administrative remedies were unavailable because he was unable to obtain an appeal form. Specifically, Mr. Wilson attests he wrote to the Grievance Specialist numerous times requesting an appeal form but never received one. ECF 54-2 at 3. He provides evidence he wrote to the Grievance Specialist on June 28, 2021, and July 12, 2021, requesting an appeal form, but didn't receive any response. ECF

3

54-1 at 8. On August 5, 2021, he submitted a new grievance complaining he had not received an appeal form for Grievance 128645, and requesting that he be allowed to move forward with an appeal. *Id.* at 3. On August 12, 2021, he wrote a letter to his counselor informing her of his efforts to obtain an appeal form. *Id.* at 8. Thus, Mr. Wilson has provided evidence he made several unsuccessful attempts to obtain an appeal form.

In his reply, Officer Kubsch reiterates his argument that Mr. Wilson did not timely appeal Grievance 128645. ECF 55 at 5-6. But Officer Kubsch does not dispute Mr. Wilson's evidence that the grievance office ignored his requests for an appeal form on June 28, July 12, and August 5. Officer Kubsch submits a supplemental affidavit from the Grievance Specialist that his office didn't receive any requests from Mr. Wilson for an appeal form after Grievance 128645 was denied on August 30, 2021 (ECF 47-1 at 4), but the Grievance Specialist does not dispute that Mr. Wilson submitted requests for an appeal form before that date. There is no requirement in the Offender Grievance Process that Mr. Wilson wait until his grievance is denied before requesting an appeal form. Thus, because it is undisputed Mr. Wilson requested an appeal form on several occasions but was unable to obtain one, the undisputed facts show the grievance office made his administrative remedies unavailable. Accordingly, Officer Kubsch has not met his burden to show Mr. Wilson had available administrative remedies he didn't exhaust prior to filing this lawsuit.

For these reasons, the court DENIES Officer Kubsch's motion for summary judgment (ECF 36).

SO ORDERED.

May 15, 2023

*s/ Damon R. Leichty*
Judge, United States District Court